FILED BY:_____D.C.

2004 NOV 10 AM 11: 13

CLERK U.S. DIST. CT.
S.D. OF FL.-FTL.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80103-CR-DIMITROULEAS
Magistrate Judge Torres

UNITED STATES OF AMERICA

v.

CHRISTIANA PHILLIP

_____/

### GOVERNMENT'S MOTION IN LIMINE

The United States of America respectfully moves this Court in limine to exclude the introduction of any evidence, opening statement, or closing argument relating to any defense based upon an alleged mistake of law or alleged lack of specific intent, for the reasons stated below.

### INTRODUCTION

A federal grand jury has indicted defendant Christiana Phillip for voting in a federal election without having United States citizenship, in violation of Title 18, United States Code, Section 611. That statute provides:

> (a) It shall be unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector,



**Member of the Senate, Member of the House of** Representatives, Delegate from the  District of Columbia, or Resident Commissioner unless---

>    (1) the election is held partly for some other purpose;
>
>    (2) aliens are authorized to vote for such other purpose under a State constitution or statute or a local ordinance; and
>
>    (3) voting for such other purpose is conducted independently of voting for a candidate for such Federal offices, in such a manner that an alien has the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices.
>
> (b) Any person who violates this section shall be fined under this title, imprisoned not more than one year, or both.

18 U.S.C.  §611.  The statute also provides that the provisions of subsection (a), making it a crime for aliens to vote, shall not apply if:

>    (1) each natural parent of the alien (or, in the case of an adopted alien, each adoptive parent of the alien) is or was a citizen (whether by birth or naturalization);
>
>    (2) the alien permanently resided in the United States prior to attaining the age of 16; and
>
>    (3) the alien reasonably believed at the time of voting in violation of such subsection that he or she was a citizen of the United States.

18 U.S.C. §611(c).  Section 611 is not a specific intent crime.

Accordingly, the United States is seeking a ruling <u>in limine</u> precluding any defense concerning the defendant's specific intent,

including any alleged mistake of law, or alleged reliance on others concerning the state of the law.

LEGAL ANALYSIS

A defendant's constitutional right to present a full defense does not entitle her to the admission of irrelevant or otherwise inadmissible evidence. United States v. Anderson, 872 F.2d 1508 (11th Cir.), cert. denied, 493 U.S. 1004 (1989). This "axiomatic" approach to conducting criminal trials has been described as a testament to the importance of trial by jury and to the need to husband the resources necessary to that process by limiting the evidence in a criminal trial to that which is legally sufficient. Anderson, 872 F.2d at 1516, n.12 (quoting United States v. Bailey, 444 U.S. 394, 416 (1979)). Indeed, even if evidence is relevant, it will be excluded where its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403.

Here, the defendant is charged with a general intent crime. As written, the statute contains no reference to or requirement of knowing or willful conduct. Where no specific intent element is apparent on the face of the statute, the crime is one of general intent. United States v. Ettinger, 344 F. 3d 1149, 1158 (11th Cir. 2003)(finding that 18 U.S.C. §111, another statute silent as to

intent, is general intent crime); United States v. Jackson, 248 F.3d 1028 (10th Cir.)(criminal statutes are usually read to require only that a defendant know the facts which make his conduct illegal, which is the same as general intent), cert. denied, 534 U.S. 929 (2001); see also Carter v. United States, 530 U.S. 255, 267-68 (2000)(reflecting that any presumption in favor of scienter requires only proof of general intent, meaning that the defendant had knowledge of her actions in committing the offense).

Criminal statutes which have been similarly silent regarding scienter have consistently been treated as general intent crimes. E.g., United States v. Henry, 111 F.3d 111, 114 (11th Cir.)(finding that 8 U.S.C. §1326, which is silent as to intent, is a general intent crime), cert. denied, 522 U.S. 894 (1997); United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004)(finding the same with respect to the attempted violation of 8 U.S.C. §1326); United States v. Delevaux, 205 F.3d 1292, 1298 (11th Cir. 2000)(Section 922(g)(1) has no mens rea and thus justification defense does not apply; government must only show that defendant consciously possessed what he knew to be a firearm), cert. denied, 530 U.S. 1264 (2000); United States v. Bailey, 444 U.S. 394 (1980)(federal escape statute, 18 U.S.C. §751, is silent as to intent, and requires the government to prove the defendant's knowledge of his actions rather than purpose of escape).

A defendant need not intend to violate the law to commit a

general intent crime, but must actually intend to do the act that the law forbids. United States v. Phillips, 19 F.3d 1565, 1576 (11th Cir. 1994); see also United States v. Adams, 265 F.3d 420, 424 (6th Cir. 2001)(a general intent crime requires the knowing commission of an act that the law makes a crime, while a specific intent crime requires additional bad purpose); United States v. Berrios-Centeno, 250 F.3d 294, 298-99 (5th Cir. 2001)(same).  In this case, the government would be required to show that the defendant knew she was not a citizen, and that she knew that she voted.  It would not be necessary for the government to show that the defendant acted willfully, or with knowledge of the law which makes voting by non-citizens a crime.

In a similar case in the context of an immigration offense, attempted illegal re-entry in violation of 8 U.S.C. §1326, the United States moved in limine to exclude testimony concerning the defendant's specific intent when presenting himself at Miami International Airport. United States v. Marte, 356 F.3d 1336, 1340 (11th Cir. 2004).  Following a mistrial, the prosecution also moved in limine to exclude testimony that regulations addressing the defendant's conduct were vague and did not provide clear notice of prohibited behavior. Id.  The trial court granted each motion.  On appeal, the Eleventh Circuit upheld the exclusion of evidence, finding that proof of Marte's specific intent was not admissible where the statute created only a general intent crime.  Id. at

5

1344.  See also United States v. Morales-Palacios, 369 F.3d 442, 448 (5th Cir.)(district court properly granted motion in limine excluding evidence of defendant's subjective belief in Attorney General's permission to enter the United States, since 8 U.S.C. §1326 required only proof of general intent), cert. denied, 125 S.Ct. 159 (2004); United States v. Jackson, 248 F.3d 1028 (10th Cir.)(excluding evidence of defendant's diminished mental capacity in kidnapping prosecution under 18 U.S.C. §1201(a)(5) because that statute created a general intent crime); United States v. Benning, 248 F.3d 772 (8th Cir.)(affirming exclusion of evidence of defendant's good faith or entrapment by estoppel for prosecution of felon in possession of a firearm, where offense was general intent crime), cert. denied, 534 U.S. 922 (2001).

Because Section 611, like the crimes cited above, requires only proof of general intent, evidence intended to refute any allegation concerning the defendant's specific intent should be excluded.  Thus, the defendant should not be permitted to present evidence concerning her subjective belief of the state of the law, or evidence of any advice she received concerning the law, or evidence of alleged good faith.

Especially concerning ignorance of the law, or any defense of entrapment by estoppel, this Court should exclude evidence. Ignorance of the law is not a defense. United States v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998).  A narrow exception to this

rule exists where a defendant can  show that he relied on a point of law which a government official misrepresented, and that his reliance was objectively reasonable, considering the official's identity, the law in question, and the substance of the misrepresentation. United States v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998).

This narrow exception is not available against federal charges, however, where the defendant claims he relied on advice from state or local officials. Funches, 135 F. 3d at 1407; United States v. Cross, 113 F.Supp.2d 1253, 1265-66 (S.D. Ind. 2000)(collecting cases). Instead, the defense is only available in a federal case when the advice in question comes from a federal official. Id. Here, the defendant may seek to offer evidence that she relied on advice from her landlord or from local officials. Neither is a proper defense, especially where the defendant is charged with only a general intent crime.

WHEREFORE, for all of the foregoing reasons, the United States of America respectfully moves this Court to preclude any defense under the theory of mistake or ignorance of the law, good faith,

entrapment by estoppel, or any theory concerning specific intent, during any phase of the above-captioned trial.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By:

KAREN E. ROCHLIN
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street
Miami, Florida  33132
(305) 961-9234
(305) 536-4675 (fax)
Court I.D. No. A5500050

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by facsimile this ___9th___ day of November, 2004 on Martin J. Bidwill, AFPD, 400 Australian Avenue North, Suite 300, West Palm Beach, Florida 33041..

KAREN E. ROCHLIN